UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 10-60426-Civ-COOKE/BANDSTRA**

DAVID SVETLICK, *et al.*, as TRUSTEES
OF THE I.B.E.W. LOCAL UNION NO. 728
PENSION TRUST FUND, *et al*.

    Plaintiffs

vs.

CYBER ELECTRIC OF CENTRAL FLORIDA, INC.

    Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

THIS CASE is before me on the Plaintiffs' Motion for Final Summary Judgment, and the Defendant's out-of-time motion to continue discovery. I have reviewed the motions, the record, and the relevant legal authorities. For the reasons explained in this order, the Defendant's out-of-time motion to continue discovery is denied, and the Plaintiffs' motion for summary judgment is granted.

**I. BACKGROUND**

This case involves a dispute over the payment of contributions to the Plaintiffs for pension, health, and other benefits in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. (Compl. ¶ 1, ECF No. 1). The Plaintiffs claim that the Defendant, Cyber Electric of Central Florida, Inc., agreed to be bound to a series of collective bargaining agreements related to wage rates and contribution obligations to the IBEW Local Union No. 728 Pension Trust Fund, the IBEW Local Union No. 728 Annuity Fund, the IBEW Local Union No. 728 Family Healthcare Plan, the Florida East Coast Electrical Joint

Apprenticeship and Training Committee, and the National Electrical Benefit Fund. (*See id.* ¶ 7). According to the Plaintiffs, Cyber Electric breached the agreements by failing to pay of all fringe benefit contributions that were owed. (*Id.* ¶ 10-12).

Cyber Electric initially failed to respond to the Plaintiffs' complaint, and I entered an order to show cause why a default judgment should not be entered. (Order, ECF No. 13). Cyber Electric filed a *pro se* response to the order to show cause, which I struck since a corporation cannot appear *pro se*. (Order, ECF No. 16). On August 3, 2010, over three months after the complaint was filed, Cyber Electric's attorney filed a notice of appearance, however a response to the complaint (or a response to my order to show cause) did not immediately follow. On August 18, 2010, I entered a second order to show cause why the Plaintiffs' motion for default judgment should not be granted. (Order, ECF No. 19). Finally, on August 24, 2010, Cyber Electric filed an Answer and a response to my order to show cause. I set aside the default entered by the clerk, denied the Plaintiffs' motion for default judgment, and allowed the case to proceed. (Order, ECR No. 26). The Plaintiffs' filed a motion for summary judgment, including a statement of material facts as required by Local Rule 7.5(c).[1] Cyber Electric's response, filed on December 16, 2010, does not directly address or contradict the Plaintiffs' substantive arguments for summary judgment. Instead, Cyber Electric requests a continuance of the discovery period[2] and an extension of time to respond to the Plaintiffs' motion for summary

---

[1] The facts set forth in Plaintiffs' statement of material facts are deemed admitted to the extent that they are supported by evidence in the record, since Cyber Electric did not file an opposing statement of facts controverting Plaintiffs' statement. S.D. Fla. L.R. 7.5(d); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245-1246 (S.D. Fla. 2009).

[2] The discovery period in this case closed on October 27, 2010. (Scheduling Order ¶ 3, ECF No. 9).

judgment until "all discovery is completed." (Def.'s Resp. in Opp'n to Pls.' Mot. for Summ. J. 2, ECF No. 35).

## II. LEGAL STANDARDS

### A.   *Motion To Continue Discovery*

A district court has broad discretion in creating pretrial deadlines, including those related to discovery deadlines, as well as enforcing its pretrial scheduling order. *See Jacobs v. Agency Rent-A-Car, Inc.*, 145 F.3d 1430, 1432 (11th Cir. 1998).

### B.   *Motion For Summary Judgment*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has met its burden the burden then shifts "to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.*

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (U.S. 1986) (quoting Fed. R. Civ. P. 56(e)).  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986) (citations omitted). The court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

### III. DISCUSSION

*A.     Motion To Continue Discovery*

Cyber Electric has been aware of this lawsuit since April 12, 2010. (App. for Default, Ex. 1 (Return of Service), ECF No. 11-1). The discovery deadline (October 27, 2010) and the trial date (February 15, 2011) in this case were set out in my Scheduling Order that was entered on May 27, 2010. Cyber Electric has actively participated in this litigation, both before and after entering an appearance on the record. (Def.'s Resp. to Show Cause Order 2-3, ECF No. 21). On December 16, 2010, almost two months *after* the close of discovery, Cyber Electric requested that I grant a continuance of pending discovery and that I extend the time for Cyber Electric to respond to the Plaintiffs' motion for summary judgment until all discovery is completed. (Def.'s Opp'n to Mot. for Summ. J. 2, ECF No. 35).

First, there is no pending discovery, since discovery in this case closed on October 27, 2010. Second, to extend the discovery deadline and the briefing scheduling for the Plaintiffs' motion to dismiss would necessarily require me to reschedule the trial in this case which is presently set to start on February 15, 2011.

I find that granting Cyber Electric's requests would prejudice the Plaintiffs' and inconvenience the court. I also find that denying Cyber Electric's requests would not result in a manifest injustice. Cyber Electric has had ample opportunity to participate in discovery. Additionally, there is an abundance of evidence submitted by the Plaintiffs in support of their motion for summary judgment, and Cyber Electric has failed to present a single piece of evidence in opposition. For these reasons, Cyber Electric's request for a continuance of the

discovery deadline in this matter is denied, and Cyber Electric's request for extension of time to respond to the Plaintiffs' motion for summary judgment is denied as moot.

### B. Motion For Summary Judgment

The essential elements of an ERISA cause of action for delinquent contributions are: (1) that the defendant is an employer,[3] (2) "who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement," and (3) that the defendant failed to make the required contributions. 29 U.S.C. § 1145.

The Letter Of Assent, cited by the Plaintiffs' in their motion for summary judgment, is evidence that Cyber Electric is an employer under ERISA. (Mot. for Summ. J., Ex. B, ECF No. 27). Cyber Electric has not presented any evidence to contradict the evidence that it is an employer under ERISA. There is no genuine issue that Cyber Electric is an employer under ERISA.

The Plaintiffs' have presented evidence that Cyber Electric was obligated to pay contributions to several multiemployer plans under the terms of a collectively bargained agreement. Specifically, the Plaintiffs' have established that Cyber Electric was obligated to pay contributions to: (1) the IBEW Local Union No. 728 Pension Trust Fund, (2) the IBEW Local Union No. 728 Annuity Fund, (3) the IBEW Local Union No. 728 Family Healthcare Plan, and (4) the Florida East Coast Electrical Joint Apprenticeship and Training Committee. (Mot. for Summ. J. 3-4, Ex. A). This evidence is unrefuted by Cyber Electric. There is no genuine issue

---

[3] "The term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5).

that Cyber Electric was obligated to pay contributions to several multiemployer plans under the terms of a collectively bargained agreement.

The Plaintiffs' have established that Cyber Electric failed to make the required contributions. (Mot. for Summ. J. 4). Specifically, the Plaintiffs' have shown that Cyber Electric paid no contributions to the trust funds for payroll periods between July 31, 2009 and March 31, 2009, and that Cyber Electric paid contributions late for payroll periods of March, April, May, and June 2009. (Van Nus Aff. ¶¶ 9-10, ECF No. 28-1). Again, Cyber Electric has presented no contradictory evidence. There is no genuine issue that Cyber Electric failed to make the required contributions.

Finally, the Plaintiffs have cited to record evidence to establish that Cyber Electric failed to pay contributions owed to the trust funds for payroll periods between July 31, 2009 and March 31, 2010 in the amount of $63,641.82. (Mot. for Summ. J. 4-5, Exs. 1-9, ECF Nos. 27, 27-3 – 27-11). The Plaintiffs have also established that Cyber Electric failed to pay $11,097.26 in liquidated damages as was required under the agreements for its failure to pay contributions to the trust funds. (*Id.*). Cyber Electric has presented no evidence to challenge either the legitimacy or the accuracy of these figures. There is no genuine issue over the amount of contributions and liquidated damages owed by Cyber Electric to the Plaintiffs for the ERISA violations.

### IV. CONCLUSION

In this case, the Plaintiffs' have met their burden by demonstrating, through reference to materials in the record, that there are no genuine issues of material fact that need to be decided at trial. The Defendant, Cyber Electric, has failed to meet its burden by going beyond the pleadings to demonstrate that there is a material issue of fact that precludes summary judgment. Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Plaintiffs' Motion for Summary Judgment (ECF No. 27) is **GRANTED**. The Plaintiffs' shall submit a proposed final judgment within ten days of this order.

2. The Defendant's Out-Of-Time Motion To Continue Discovery (ECF No. 35) is **DENIED.**

3. The Plaintiffs' Motion for Judgment (ECF No. 34) and the Defendant's Motion to Compel (ECF No. 37) are both **DENIED as moot**.

4. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of January 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*